UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                          :
CHRISTINA CHALLENGER,                     :
                                          :
            Plaintiff,                    :       Civil Action No. 08-1523 (JAP)
                                          :
      v.                                  :       **OPINION**
                                          :
U.S. BANK, *et al.*,                      :
                                          :
            Defendants.                   :
                                          :
_____       :

      Currently before the Court are motions to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) by U.S. Bank, Mortgage Electronic Registration Systems Inc. ("MERS"), and Intercounty Mortgage Network Corporation ("IMNC"), (collectively, "Defendants"). Also before the Court is a motion by *pro se* plaintiff, Christina Challenger, for a temporary injunction to stop foreclosure proceedings with respect to a mortgage loan she obtained from IMNC in 2003. Final judgment was entered in the state court foreclosure action on March 22, 2007, and a sheriff's sale of the property is presently scheduled for March 31, 2009. The Court decides these motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendants' motions to dismiss are granted, and Plaintiff's motion for injunctive relief is denied.

**I. BACKGROUND**

      On May 23, 2003, Plaintiff[1] executed and delivered to MERS (as nominee for IMNC) a

---

      [1]The mortgage was executed by Plaintiff, her husband (who is not a party to this litigation) and non-party Ralph Miranda. Because only Plaintiff is party to this lawsuit, the Court

Mortgage on her property located at 1128 Ruby Drive, Toms River, New Jersey.  Compl. ¶ 11, Certification of Edward Kirn ("Kirn Cert."), Ex. D at 34.[2]  The Mortgage secured a Note in the amount of $206,045.  *Id.* at 31.  It appears that the Note and the Mortgage were at some point subsequently assigned to U.S. Bank.

On September 14, 2005, MERS initiated foreclosure proceedings in the Superior Court of New Jersey alleging that the Plaintiff had defaulted on the Note.  Kirn Cert. at ¶ 2, Ex. A.  Plaintiff, through counsel, filed an answer contesting the foreclosure on or about October 21, 2005.  *Id.*, Ex. B.  Plaintiff's answer included four separate defenses to foreclosure: (1) MERS breached the terms of a loss mitigation settlement entered into with the foreclosure defendants; (2) MERS engaged in bad faith and "lacked fair dealing" in failing to provide certain documents to defendants that were "required for loss mitigation"; (3) unclean hands; and (4) MERS failed to comply with applicable federal servicing regulations and/or acted in bad faith with respect to those regulations.  *Id.*

Shortly thereafter, on October 31, 2005, MERS filed a motion in the foreclosure action for summary judgment seeking to strike Plaintiff's contesting answer.  Plaintiff opposed the motion.  *Id.* ¶ 5, 6.  The judge denied MERS's motion and conducted a trial on all issues raised in the foreclosure action.  *Id.* ¶ 8,9.  Following the trial, on September 18, 2006, an order was entered striking Plaintiff's contesting answer.  *Id.*, Ex. G.  Final judgment of foreclosure was entered on March 22, 2007.  *Id.*, Ex.

---

will refer to only Plaintiff in its recitation of the facts.

[2]When referencing specific pages in the Exhibits attached to the Kirn Certification, the Court shall refer to the page numbers appearing in the header created by the electronic filing system.

On June 29, 2007, Plaintiff filed a Chapter 13 bankruptcy petition, Case No. 07-19213, which stayed further action on the foreclosure proceedings. In the course of the bankruptcy action, U.S. Bank Home Mortgage filed a proof of claim with respect to the Note to which Plaintiff objected. The bankruptcy court overruled Plaintiff's objection and allowed the claim. On November 9, 2007, the bank moved for relief from the automatic stay to allow the foreclosure proceedings to continue, and the bankruptcy court granted that motion on January 9, 2008.

Plaintiff filed her complaint in this action on March 27, 2008. The complaint alleges that Defendants violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), Truth in Lending Act Regulations, Regulation Z, 12 C.F.R. § 226.1 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 15 U.S.C. § 2601, *et seq.*, the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.* and Article 9 of the Uniform Commercial Code by failing to make various disclosures and provide certain documentation to Plaintiff in connection with the mortgage transaction. By way of relief, Plaintiff seeks rescission of the transaction, an order enjoining Defendants from undertaking any foreclosure proceedings, the return of all monies Plaintiff paid to Defendants, and damages.

**II. DISCUSSION**

Defendants have moved to dismiss Plaintiff's complaint alleging that Plaintiff has failed to state a claim upon which relief can be granted. They assert two grounds in support of their motion. First, Defendants argue that the theory of *res judicata* bars Plaintiff's claims because the claims were or could have been litigated in the state court action. Second, Defendants assert that Plaintiff's right to rescind for violations of TILA and RESPA expired on May 23, 2006, three years after the date of the transaction at issue.

As a threshold matter, however, the Court has an obligation to satisfy itself that it has subject matter jurisdiction in this case. Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). In this regard, the Court finds that it is barred by the *Rooker-Feldman* doctrine from exercising subject matter jurisdiction over the majority of the issues in this case. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

The *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction to review, directly or indirectly, a state court adjudication. Only the United States Supreme Court has such jurisdiction. 28 U.S.C. § 1257. As noted by the Third Circuit Court of Appeals:

> The *Rooker-Feldman* doctrine arises from 28 U.S.C. § 1257 which states in relevant part that "final judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court." Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions. . . .
>
> The *Rooker-Feldman* doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling. Although § 1257 refers to orders and decrees of the highest state court, the *Rooker-Feldman* doctrine has been applied to final decisions of lower state courts.

*In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005) (quoting *Walker v. Horn*, 385 F.3d 321, 329 (3d Cir. 2004).

A claim is barred by *Rooker-Feldman* under two circumstances. The first is if the federal claim was actually litigated in state court prior to the filing of the federal action. The second is if

the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong. *Id.* In either situation, *Rooker-Feldman* bars a litigant's federal claims and divests the District Court of subject matter jurisdiction over those claims. Here, the Court finds Plaintiff's claims to be "inextricably intertwined" with the state court action.

As described by the Third Circuit, a federal claim is considered to be "inextricably intertwined with an issue adjudicated by a state court when: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." *Walker*, 385 F.3d at 330 (citations and internal quotations omitted). "In other words, *Rooker-Feldman* does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders . . . ." *Walker v. Horn*, 385 F.3d 321, 330 (3rd Cir. 2004) (citations, internal quotations, and ellipses omitted).

In the instant case, to the extent that Plaintiff seeks rescission of the transaction and related relief, these claims are barred by *Rooker-Feldman*, as the state court foreclosure proceeding was "dependent upon the existence of a valid mortgage." *In re Stuart*, 367 B.R. 541, 551 (Bankr. E.D. Pa. 2007). Further, granting such relief would basically undo the state court judgment. Indeed, Plaintiff seeks to enjoin Defendants from continuing with the foreclosure process, particularly with the scheduled sheriff's sale. To grant Plaintiff such relief would in effect negate the state court's final judgment of foreclosure and prevent the state court from enforcing its order.

However, the Court notes that Plaintiff's claims for damages "stands on a different

5

footing." *Id.* at 553. Such claims in this case would not be barred by *Rooker-Feldman* because the Court could, for example, enter a money judgment against Defendants for a TILA violation without impairing Defendants' right under the foreclosure judgment. Consequently, the Court retains jurisdiction Plaintiff's claims for money damages. Plaintiff seeks statutory damages under 15 U.S.C. § 1640 for alleged disclosure violations, statutory damages for Defendants' alleged "failure to respond properly to Plaintiff's rescission notice," and "statutory damages as provided by RESPA." Compl., Sec. VIII.

With respect to statutory damages under § 1640, TILA provides that an action for damages must be brought within one year from "the date of the occurrence of the violation." 15 U.S.C. § 1640(e). In this case the loan transaction took place on May 23, 2003. If a disclosure violation existed, that is when it would have occurred. Thus, Plaintiff's claim in this regard is barred by the applicable statute of limitations.

Plaintiff also seeks statutory damages based on Defendants alleged failure to respond "properly" to Plaintiff's notice of rescission. The complaint alleges that Plaintiff provided such notice to Defendants' on November 1, 2007. Compl. ¶ 23-24. Where a valid rescission request is wrongfully refused, the borrower is entitled to damages proximately caused by that refusal. *In re Escher*, 369 B.R. 862, 869 (Bankr. E.D. Pa. 2007); 15 U.S.C. § 1635(g). The "failure to honor a valid rescission demand is itself a TILA violation giving rise to statutory damages." *See* 15 U.S.C. § 1640(a)(3); *In re Armstrong*, 288 B.R. 404, 419 (Bankr. E.D. Pa.2003). Under TILA, a borrower "who is entitled to rescission of a loan, may also recover a statutory damage award for the creditor's failure to rescind voluntarily." *Armstrong*, 288 B.R. at 419.

In the instant matter, the allegations in the complaint do not establish that a valid

rescission request was made.  The TILA provides for a rescission period of three business days from the point of consummation of the transaction, *see* 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3), but this period can be can be extended to three years after consummation if the lender fails to meet the disclosure requirements of the TILA, *see* 15 U.S.C. § 1635(f).  Taking Plaintiff's allegations of disclosure violations as true, she would have had three years from May 23, 2003 to rescind the transaction.  By her own admission, however, Plaintiff did not seek rescission until November 1, 2007, well after the rescission period expired.  Compl. ¶ 23, 24.  Plaintiff's claim in this regard, therefore, fails.

Plaintiff also seeks statutory damages under RESPA.  RESPA imposes a duty upon loan servicers to respond to certain borrower inquiries.  *See Griffin v. Citifinancial Mortg. Co., Inc.*, 2006 WL 266106, at *2 (M.D. Pa.2006).  The Act provides for individual causes of action and allows for "statutory damages upon a showing of a pattern or practice of noncompliance with the duty to respond to borrower inquiries." *Cortez v. Keystone Bank, Inc.*, 2000 WL 536666, at *10 (E.D.Pa.2000); *see also* 12 U.S.C. § 2605(f).  Plaintiff has not pled such a pattern or practice.

In addition to the statutory damages described above, in the prayer for relief in her complaint Plaintiff generally requests "real" and "actual" damages.  However, nowhere does the complaint assert that Plaintiff suffered any actual damages, nor does it assert a causal link between any alleged cause of action and any damages.  Accordingly, this claim for damages does not withstand Rule 12(b)(6) scrutiny.

Last, construing Plaintiff's complaint broadly as it must, the Court finds that the complaint can be read to assert state law claims for fraud, breach of fiduciary duty, and unfair and deceptive trade practices.  To the extent that Plaintiff intended to assert such claims, the

Court declines to exercise supplemental jurisdiction over them.

### III.  CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss Plaintiff's complaint are granted, and Plaintiff's motion for temporary injunctive relief is denied.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO<br>
United States District Judge

Dated: March 13, 2009